BARNABAS THACHER & others *vs.* GEORGE F. WILLIAMS &
another.

A recognizance under *St.* 1855, *c.* 444, given by a person arrested on execution for debt, neea
not recite that the debtor does not desire a time to be fixed for his examination, or state
at what place or to whom he shall surrender himself.

It is no defence to a suit upon a recognizance given under *St.* 1855, *c.* 444, by a person ar-
rested on execution, that it is for a sum double the amount of the judgment only, without
including the cost of the writ of execution.

A recognizance given under *St.* 1855, *c.* 444, by a person arrested on execution for debt,
need not be returned into a court of record.

A debtor who has entered into a recognizance under *St.* 1855, *c.* 444, to deliver himself up
for examination within ninety days, giving due notice to his creditors as provided by
statute, is not discharged by appointing a time and place to deliver himself up for exam-
ination, although prevented from delivering himself up by the absence of the magistrate
from the commonwealth; nor by offering, after having endeavored to find a magistrate,
to deliver himself up to the officer who made the arrest, although the latter declares that
he has returned the execution into court, and has no authority to take him.

ACTION OF CONTRACT upon a recognizance entered into upon
the 20th of May 1856, before a master in chancery, by John
Angier as principal and Williams as surety, in the sum of
$6071.50. The condition of the recognizance was, that, whereas
Angier had been arrested in execution upon a judgment recov-
ered against him in the superior court of Suffolk for $3035.75
damages and costs, he should, " within ninety days, deliver him-
self up for examination, giving notice to his creditors as in such
case is mentioned and provided " by *St.* 1855, *c.* 444, " and mak-
ing no default at any time fixed for his examination, and abide
the final order of the magistrate thereon." Trial in Suffolk, be-
fore *Bigelow,* J., who reserved for the decision of the full court
the following case :

The plaintiff produced the record of the origina. judgment,
and the execution issued thereon, both of which corresponded to
the description in the recognizance ; but the execution contained
the usual direction to the officer to collect also twenty five cents
for this writ. And the master in chancery, before whom the
recognizance was taken, being called as a witness for the plain-
tiffs, produced and testified to a paper setting forth the proceed-

ings had before him. It appearing that the recognizance set forth in this paper had never been returned into the court from which the execution issued, or into this court, in which the present action was commenced, the defendants objected to the evidence. But the court admitted it.

It appeared that on or about the 20th of May the officer who made the arrest returned his execution, with his return indorsed thereon, into court, where it had since remained.

The defendants proved that on the last of the ninety days Angier and Williams went to the office of the master, taking said officer with them, for the purpose of complying with the condition of the recognizance; but there ascertained that the master was absent from the Commonwealth, and would not return for a fortnight; that they then went to the office of another master in chancery, but he informed them that as the officer was not with them, he could take no action in the premises; that they immediately sent for the officer, and he accompanied them twice to the second master's office, but did not find him; and that Angier then offered to surrender himself to the officer, but was told that he had no execution and no authority to take him.

*H. F. Durant & R. Choate,* for the plaintiffs.

 *C. A. Welch,* for the defendants. 1. This recognizance is bad, because it sets forth no legal cause for its caption. It does not state that the debtor did not desire to have a time fixed for his examination; *St.* 1855, *c.* 444, § 9; *Commonwealth* v. *Downey,* 9 Mass. 520; *Commonwealth* v. *Daggett,* 16 Mass. 446; nor state when or to whom the debtor is to surrender himself. *Treasurer of Vermont* v. *Merrill,* 14 Verm. 64.

2. The recognizance is in a sum less than double the amount of the execution. The execution is for the amount of the judgment, and twenty five cents more for the writ of execution. The recognizance is only for double the amount of the judgment.

3. The recognizance should have been made a matter of record before suit. *Bridge* v. *Ford,* 4 Mass. 641, and 7 Mass. 209. *Tarbell* v. *Gray,* 4 Gray, 444. Vin. Ab. Recognizance, A.

pl. 1, 2, 12 ; E. pl. 6. To make it a record it must be returned into some court of record. *Glynn* v. *Thorp*, 1 B. & Ald. 153. *Bell* v. *Murphy*, 6 W. & S. 50. *People* v. *Van Eps*, 4 Wend. 387. *Libby* v. *Main*, 2 Fairf. 344.

4. The steps taken by the debtor within the ninety days to surrender himself discharged his surety, especially as the officer who made the arrest had returned the execution into court long before the attempted surrender, and, when the debtor offered to surrender to him, said that he had no execution and no authority to take him.

The only magistrate to whom the statute contemplates that the debtor should surrender himself is the oné who took the recognizance. The debtor, by going with the officer to the office of that magistrate, and in good faith taking every possible means to deliver himself up for examination, fulfilled the condition of the recognizance, notwithstanding he. was prevented by that magistrate's absence from the Commonwealth from "taking the oath and abiding the further order of the magistrate."

The execution having been returned into court, it was useless for the debtor to make any further surrender of himself, even if another magistrate could have been found competent to act in the premises. *Jacot* v. *Wyatt*, 10 Gray,

This case was decided in June 1860.

MERRICK, J. 1. The recognizance declared on was taken in pursuance of the provisions of the act to abolish imprisonment for debt. *St.* 1855, *c.* 444. The recitals contained in it sufficiently show the reason and cause for which it was taken ; and the voluntary assumption of its obligations clearly evinces that the debtor did not then desire to have any time or place fixed for his examination. Nor. was it necessary that the recognizance should state at what place or to whom the debtor should surrender himself. These were facts subsequently to be ascertained and made certain ; because during the whole of the ensuing ninety days it was within the privileges conceded to him to fix the time and choose the place at which he would submit and deliver himself uo for examination. Both of these objections were

considered and overruled by the court in the case of *Adams* v. *Stone,* 13 Gray, 396.

2. Nor is it material that the recognizance was taken in a trifling sum less than double the amount of the execution. The fee of twenty five cents for the execution ought regularly to have been taken into the computation. *Adams* v. *Brown, post,* 579. But if the creditor accepts the recognizance notwithstanding the error, the debtor, who in no way is prejudiced by it, can have no just cause of complaint or objection on that ground. In the case of bonds given under former statutes regulating the imprisonment of persons committed to jail on execution, it was often held, that, although they varied from the requirements of the particular statute under which they were taken, they were still good at common law. *Burroughs* v. *Lowder,* 8 Mass. 373. *Freeman* v. *Davis,* 7 Mass. 200. With respect to the authority of magistrates to take a recognizance in a case like the present, it is to be observed that the language of the statute is not imperative that it shall, but that it may be in double the amount of the execution. If the penal sum of the recognizance is less than that sum, but then assented to by the debtor and not afterwards rejected on that account by the creditor, there is no reason for holding the obligation assumed to be inoperative.

3. It is not essential to a recognizance taken under this statute, that it should be returned to or recorded in any court of record. The statute contains no provision to that effect, nor is there any good reason why it should be done. Indeed, until after a breach of the condition, and until there is occasion for its production in evidence upon the trial of a suit upon it, it seems to be most proper that it should be retained in the custody of the magistrate by whom it is taken. He needs it for himself to show that he has discharged his own duty in relation to the parties ; that he has lawfully suffered the debtor to go at large, and at the same time taken the requisite security for the creditor. There is no doubt that recognizances entered into by a party appealing from a subordinate to a superior tribunal, or who engages to appear in a particular court to answer to some suit or accusation

against him, must be returned and recorded there. *Ex parte Neal*, 14 Mass. 205. *Tarbell* v. *Gray*, 4 Gray, 444. But the recognizance taken of an execution debtor under the provisions of this statute is a very different thing. It is intended, so far as it is security, solely for the benefit of the creditor; no court of record, until the commencement of a suit upon it, has any-thing to do with it. The recognizor is not to be called there, and no note or memorandum is to be made of his default. Indeed his default in many instances can be shown only by parol proof.

4. But the defendants further contend that if they cannot avail themselves of any of these objections, it ought to be held, upon the facts stated in the report, that the debtor did all that was necessary to surrender and deliver himself up for examination, and that they must consequently be considered to have been discharged from the obligations imposed upon them by their recognizance. Its condition was, that the debtor should, " within ninety days, deliver himself up for examination, giving notice to his creditors as in such case is mentioned and provided in the statute, and making no default at any time fixed for his examination, and abide the final order of the magistrate thereon." To deliver himself up then and thus perform and keep the condition, an appointment of a time and place for his examination, as well as due notice of it to the creditor, was an indispensable preliminary. He could deliver himself up only to the magistrate by and before whom the examination was to take place; and it is his order which is finally to be respected and obeyed. It is the duty of the debtor to see that a magistrate competent to act is present at the place appointed; and failing in this he does not and cannot keep the condition of his recognizance. He and his sureties are therefore liable upon it, even if he has caused a proper appointment to be made, if no competent magistrate is there in actual attendance; even if one at the request of the debtor has agreed to be there. The reason is obvious. The engagement is absolute that he will deliver himself up for examination. This engagement is accompanied by many privileges. He is allowed to select, within the ninety

days, the time and the place when and where he will be examined, and to make his own choice of the judicial officer by whom the service shall be performed. But omission on his part to do this, or to give due notice to his creditor, renders the performance of the condition of the recognizance impossible. He therefore takes upon himself the burden of doing every necessary preliminary act; and all omissions which disable him from keeping his engagement to deliver himself up for examination in conformity to law are at the peril of himself and his sureties. *Adams* v. *Stone*, 13 Gray, 396. The debtor should take care, if he would save himself and sureties from the consequences of a breach of the condition of their recognizance, to commence acting in reference to the appointment of the time and place of his examination in such season before the lapse of the ninety days as will enable him effectually to guard against the contingency of the casual absence or other inability of the magistrate or magistrates on whose services he intended to rely, either for the purpose of giving legal notice to his creditor, or of presiding at his own examination.

The statute does not, in the 9th section, declare in terms by whom the notice to the creditor, provided for in the 5th section, shall or may be given ; but it is to be inferred from the general language of § 9, as well as deduced from the scope and purpose of the whole statute, that it may be issued by any of the magistrates enumerated in it. And the further provision is express, that if he who issues the notice does not attend, any other competent magistrate may appear and act in his place. § 5.

It follows therefore that although it appears that the debtor used considerable effort, just at the close of the ninety days, to fix a time and place for his examination, to give due notice thereof to his creditors, and there to surrender and deliver himself up according to law, he failed to accomplish his purpose to keep the condition of his recognizance. For the breach of it he and his sureties are consequently liable.

It is no defence to show that the officer by whom the debtor was arrested had returned his execution into the clerk's office. It was only in part executed. If the creditor had been duly

28 *

notified, he might have procured the attendance of the officer at the proposed time and place with the execution, under which, having begun to serve it, he could still, notwithstanding his deposit of it in the clerk's office with a return of his doings up to that point upon it, do all acts necessary and legal to the full and complete discharge of his duty. If the oath had been refused, upon his examination, to the debtor, and such refusal had been duly indorsed upon the execution, the officer might and ought then to have conveyed him to the jail and delivered him to the custody of its keeper.   *Jacot* v. *Wyatt,* 10 Gray,

*Judgment for the plaintiffs.*